IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL PERRY, #412799, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0457 |
| ) | |
| UNITED STATES GOVERNMENT, ) | Chief Judge Sharp |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Carl Perry, a state prisoner confined at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, has filed a civil rights complaint (ECF No. 1) under 42 U.S.C. § 1983 in which he names only the "United States Government" as the defendant. The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons discussed herein, the complaint must be dismissed.

**I.     Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.     Factual Allegations

In his complaint, the plaintiff checked boxes to indicate that his lawsuit relates to his confinement in a Tennessee state prison and that he did not present the facts regarding his claims to prison authorities through the prison grievance procedure. (ECF No. 1, at 3.) He provides as the reason for not doing so that his claims are "not grievable." (*Id.* at 4.)

In support of his claims, the plaintiff states that:

(1) Pursuant to TDOC policy, prisoners can no longer receive stamps in the mail, because Subutex strips were being mailed to prisoners along with stamps. (*Id.* at 7.)

(2) "Prison is not a place for rehabilitation." (*Id.*) The Court understands the plaintiff to be alleging that he suffers severe depression and mental health problems as a result of his total of eight years in prison. (*See id.* ("[M]y entire outlook in life was crippled. I do not believe that the world is worth it and I no longer want to have children and the symptoms of abuse from my childhood came back.").)

(3) The plaintiff seeks the return of the "pet projects." (*Id.*) He states: "If you can pay $600,000 per prison on SRP's you can feed a cat." (*Id.*) The plaintiff explains that SRPs are "Stereophonic Resonance Processors," and claims these "further oppression" and "make prisoners violent." (*Id.*)

The plaintiff demands that the United States Government (1) take Subutex strips off the market; (2) build prisons that provide more rehabilitative services; (3) bring the pet project back; and (4) recall all SRPs. (*Id.* at 8.)

## III.    Discussion

The complaint is filed under 42 U.S.C. § 1983, which provides a means for vindicating violations of federal constitutional rights by state actors. More specifically, this statute confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a

deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The only defendant named in the action is the United States Government. The United States is not a "person" who acts under color of state law and is therefore not subject to liability under 42 U.S.C. § 1983. Further, the United States enjoys absolute sovereign immunity from suit except to the extent it has waived such immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Jackson v. United States*, 751 F.3d 712 (6th Cir. 2014) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)). Suits against the United States are subject to dismissal unless the plaintiff can point to an express waiver of sovereign immunity. *FCIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." (internal citations omitted)).

The plaintiff does not suggest any basis for waiver in this case. Construing the complaint liberally, the Court finds that the plaintiff's only potentially viable basis for bringing suit against the United States would be under the Federal Tort Claims Act ("FTCA"), which provides a limited waiver of sovereign immunity. The FTCA waives sovereign immunity to the extent that it authorizes civil actions exclusively in federal courts for money damages against the United States "for injury or loss of property, or personal injury or death caused by any employee of the Government while acting within the scope of his office of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

However, one of the terms of the United States' consent to suit under the FTCA is that a plaintiff must first present his claim to the appropriate federal agency and the claim must be denied by the agency before the plaintiff can sue the government in court. 28 U.S.C. § 2675(a). Presenting the claim to the appropriate federal agency before filing suit against the government under the FTCA is a jurisdictional prerequisite to filing a FTCA action in federal court. *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982). A claim is "presented" when the federal agency receives the claim. 28 C.F.R. § 14.2(a). It is the plaintiff's burden to establish the federal agency's receipt of the claim. *Moya v. United States*, 35 F.3d

501, 504 (10th Cir. 1994).

In this case, the plaintiff does not allege that he exhausted his administrative remedies. In fact, it is unclear to what federal agency the plaintiff would present his claims if he wanted to, because they do not appear to fall within the purview of any particular agency. Regardless, because administrative exhaustion is a jurisdictional prerequisite and the plaintiff does not allege exhaustion, the Court finds that the complaint must be dismissed.

Further, even assuming the plaintiff is not required to plead exhaustion, the Court finds that the plaintiff's complaint does not state tort-law claims that would be cognizable under Tennessee law and therefore does not state colorable claims under the FTCA.

And finally, while the plaintiff complains about a prison regulation governing the receipt of stamps in the mail, the prison system's failure to provide rehabilitative opportunities, and the prisons' failure to implement a "pet project," he has not alleged that these policies were implemented by the United States or, more critically, that any "personal injury" he may have suffered as a result of these policies was "caused by any employee of the [United States] Government while acting within the scope of his office of employment." 28 U.S.C. § 1346(b)(1). Thus, the plaintiff has not established that the United States Government could be liable for the plaintiff's purported injuries under the FTCA.

For all these reasons, the complaint will be dismissed for failure to state a claim for which relief may be granted.

An appropriate order is filed herewith.

*Kevin H. Sharp*

KEVIN H. SHARP
Chief Judge
United States District Judge Court